NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

KRISTIN B., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, B.S., M.M., *Appellees*.

No. 1 CA-JV 18-0415
FILED 5-21-2019

Appeal from the Superior Court in Mohave County
No.  B8015JD201704038
The Honorable Rick A. Williams, Judge

**AFFIRMED**

COUNSEL

Harris & Winger PC, Flagstaff
By Chad Joshua Winger
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Amanda Adams
*Counsel for Appellee*

---

## MEMORANDUM DECISION

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Peter B. Swann joined.

---

**T H O M P S O N**, Judge:

**¶1**        Kristin B. (mother) appeals the decision of the juvenile court terminating her parental rights to B.B. and M.M. (collectively the "children").[1] For the following reasons we affirm

### FACTUAL AND PROCEDURAL HISTORY

**¶2**        The Department of Child Safety (DCS) first became involved with the children in April 2017, after mother was arrested for shoplifting and was found to be in possession of methamphetamine and drug paraphernalia. B.B. was with her. At the time, mother and children were residing with maternal grandmother (grandmother). DCS's initial case plan was to provide preservation services to the family and did not immediately initiate a dependency. After mother failed to participate in the services and tested positive for methamphetamine twice, the case plan changed to an in-home dependency with grandmother acting as the safety monitor.

**¶3**        During the in-home dependency, DCS provided mother with drug testing and outpatient treatment. She failed to participate in those services. She did however participate in a substance-abuse assessment with Southwest Behavioral Health in which she admitted to using methamphetamine since the age of fourteen. She was referred to Marina Pointe, a residential treatment facility, and although mother agreed to participate, she failed to show up for her intake.

**¶4**        In August 2017, it was discovered that grandmother had allowed her son (uncle), a known drug user, to reside in the home with the children. Grandmother was also leaving the children alone with both mother and uncle, a violation of the safety plan and term of the in-home dependency. The children were then removed and placed in licensed foster homes.

---

[1] Mother has a third child that was involved in the DCS case but was not subject to this severance because she was reunifed with her father.

¶5            DCS continued to offer mother reunification services including drug testing and substance-abuse treatment. It also referred her for parent-aide services and supervised visits. Mother failed to participate in those services except the supervised visits. DCS also referred her for a psychiatric evaluation in September 2017. During the evaluation she admitted to using methamphetamine "all day, every couple of hours." She was again referred to an inpatient treatment facility and again failed to report for intake.

¶6            In October 2017, mother was arrested for burglary, and in November 2017, was again arrested for shoplifting. During this time, she also failed to appear for any court hearings on the previous shoplifting and drug charges. As a result, multiple warrants were issued for her arrest.

¶7            In January 2018, mother was arrested on the outstanding warrants, and eventually pled guilty to misdemeanor shoplifting and violation of a promise to appear and was placed on three years' probation. She posted bond on the felony warrant and was instructed to contact the Maricopa County Superior Court within ten days but failed to do so. Another warrant was issued for her arrest.

¶8            In February 2018, DCS changed the case plan to severance and adoption and filed a motion to terminate mother's parental rights. DCS's motion alleged that mother neglected the children or failed to protect them from neglect, and that mother was unable to discharge her parental responsibilities because of a history of chronic abuse of dangerous drugs, controlled substances, and/or alcohol. DCS later amended its motion to include the ground of nine months in care.

¶9            Mother again tested positive for methamphetamine in February 2018. She failed to test the following month and was closed out of that referral. DCS met with mother in April 2018, and mother admitted to still using methamphetamine but stated that she was "attempting to check into an inpatient rehab program."

¶10           In May 2018, Mother entered a residential treatment facility, and completed a thirty-day program. Thereafter, DCS referred mother for parent-aide services, and supervised visits. She failed to participate in those services. She also failed to consistently submit to drug testing at TASC. In July 2018, mother was arrested on an outstanding warrant for the October 2017burglary charge and remained in custody up until the severance trial.

¶11           Following the trial, the court found that DCS had proven, by clear and convincing evidence, all grounds alleged in the motion. It also

found that termination of mother's parental rights was in the best interests of the children and terminated mother's rights. Mother timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) §§ 8-235, 12-120.21 (A)(1), and -2101 (A)(1) (2019).

## DISCUSSION

**¶12**        A parent's right to custody and control of her own child, while fundamental, is not absolute. *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248, ¶¶ 11-12 (2000). Severance of a parental relationship may be warranted where the state proves one of A.R.S. § 8-533's statutory grounds for termination by "clear and convincing evidence." *Id.* at 248-49, ¶ 12; A.R.S. § 8-863(B) (2019). "Clear and convincing" means the grounds for termination are "highly probable or reasonably certain." *Kent K. v. Bobby M.*, 210 Ariz. 279, 284-85, ¶ 25 (2005). Additionally, the court must also determine what is in the best interests of the children by a preponderance of the evidence. *Id.* at 283-84, ¶¶ 17, 22.

**¶13**        "[W]e will accept the juvenile court's findings of fact unless no reasonable evidence supports those findings, and we will affirm a severance order unless it is clearly erroneous." *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4 (App. 2002). We do not reweigh the evidence, but "look only to determine if there is evidence to sustain the court's ruling." *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004).

**¶14**        On appeal, mother argues that the evidence was insufficient to support the court's chronic substance abuse finding and was therefore an abuse of discretion. Specifically, mother first argues that the case manager who testified had not been involved in mother's case "for months" and was therefore unfamiliar with mother's progress. Mother also argues that DCS provided insufficient evidence that there was a "nexus between her drug-use and an inability to parent, or that chronic abuse would continue indefinitely" because they did not provide an expert witness. We disagree.

**¶15**        The case manager who testified had been involved with the case from December 2017 through August 2018. Although he was no longer employed by DCS at the time of the hearing, he was the case manager with the most knowledge of the children and mother's progress. Additionally, contrary to mother's assertion that he had not been involved with the case "for months," the record shows that it had been a matter of weeks from the time he left DCS until the termination hearing. Furthermore, even though

mother had made progress in the months prior to the severance hearing, when a juvenile court finds that a parent has substantially neglected to remedy drug addiction during more than a year of out-of-home placement of a child, the court may grant severance of parental rights even though the parent eventually begins successful recovery before the severance hearing. *See Matter of Appeal in Maricopa Cty. Juvenile Action No. JS-501568*, 177 Ariz. 571, 577 (App. 1994). Thus, the case manager's supposed lack of information on mother's recent progress was not significant enough to warrant exclusion of his testimony. The court therefore did not abuse its discretion in relying on the case manager's testimony regarding mother's chronic substance abuse.

¶16        Mother's second argument regarding expert testimony is a misstatement of the law. Expert testimony is not required to determine whether a parent's substance abuse causes them to be unable to discharge their parental responsibilities. Under A.R.S. 8-533 (B) (3), the juvenile court may sever a parent's rights if clear and convincing evidence shows that the parent is unable to discharge parental responsibilities because of a history of chronic abuse of a dangerous drug, and there are reasonable grounds to believe the condition will continue for a prolonged indeterminate period. Although mother argues that under the same statute there must be expert testimony to sever based on mental illness, chronic substance abuse does not require testimony from an expert because substance abuse may be tested for and easily observed.

¶17        Mother tested positive for methamphetamine on multiple occasions and failed to submit samples throughout the dependency. Indeed, mother has admitted that she used methamphetamine "all day, every couple of hours."  Mother also admitted that she had been using methamphetamine for over twenty years, and although she attended a ten-month in-patient substance abuse treatment from 2002-2003, she was not able to maintain that sobriety Mother was also incarcerated off and on for the duration of the dependency, including for drug charges, and was incarcerated again at the time of trial. Although mother has recently become sober, it was only while living in a treatment facility and while incarcerated. She has not proven an ability to maintain her sobriety outside of a controlled setting, as noted by the juvenile court. Based on this clear and convincing evidence, the juvenile court did not abuse its discretion in terminating mother's parental rights.

¶18        Because we affirm on the substance abuse grounds, we need not consider whether the juvenile court's findings justified severance based upon neglect or time in care pursuant to A.R.S. § 8-533(B)(2), and (B)(8)(a).

*See Michael J.*, 196 Ariz. at 251, ¶ 27. Additionally, mother did not argue that severance was not in the best interests of the children, and we therefore do not address the best interest finding. *Id.* at 249, ¶ 13.

### CONLUSION

**¶19** For the foregoing reasons we affirm the juvenile court's ruling.



AMY M. WOOD • Clerk of the Court
FILED: AA